62870. JAMES v. AETNA LIFE INSURANCE COMPANY.

SHULMAN, Presiding Judge.

Appellant Charles Lee James was shot by a deputy sheriff while appellant held a gun to the side of a military sergeant who was being used by appellant as a shield. The incident occurred in a mobile home occupied by a woman and her children. The woman, whose husband had been temporarily transferred overseas by the military, had been receiving harassing telephone calls and, after consultation with the military and local police, agreed to the caller's suggestion that he visit her in her home. Two deputy sheriffs and the military sergeant secreted themselves in and about the trailer. The shooting incident followed appellant's entry into the mobile home and the announcement by one of the deputies of his official capacity.

When he was shot, appellant was employed by Owens-Illinois, a company with a group accident insurance policy issued by appellee Aetna. Said policy provided for medical and hospitalization coverage for employee non-occupational accidental bodily injury. Appellant brought suit when appellee refused to pay the claim for medical expenses incurred as a result of the shooting incident. This appeal was filed after a jury verdict for appellee and the denial of appellant's motion for judgment notwithstanding the verdict.

In order for the shooting injury to be the result of an accident and thus covered by appellee's policy, plaintiff-appellant had the burden of showing that something unforeseen, unexpected, or unusual occurred in the act which preceded the injury allegedly sustained by appellant. *Liberty Nat. Life Ins. Co. v. Morris,* 132 Ga. App. 631, 642 (208 SE2d 637); *Prudential Ins. Co. of Am. v. McLellan,* 76 Ga. App. 126, 132 (44 SE2d 915). It is within the province of the jury to determine whether appellant's injury was the result of an accident. *Liberty Nat. Life Ins. Co. v. Morris,* supra; *Prudential Ins. Co. of Am. v. McLellan,* supra. It is obvious from the verdict returned that the jury resolved the issue against appellant and, since there was sufficient evidence (as summarized above) to support the verdict, the trial court did not err in refusing to direct a verdict for appellant and

in denying appellant's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 25, 1982.

*J. Converse Bright,* for appellant.
*Robert Clyatt, F. Thomas Young,* for appellee.